## CIRCUIT COURT OF LOUDOUN COUNTY

Loudoun County High School et al.

v.

Virginia High School League, Inc.

November 16, 1994

Case No. (Chancery) 16049

BY JUDGE THOMAS D. HORNE

This cause came before the Court on the verified Petition for Permanent Injunctive Relief and the Demurrer and Memorandum in Opposition filed by the Virginia High School League. Complainants assert that the League improperly determined the forfeiture of a football game between Park View High School and Loudoun County High School. For reasons previously stated to the record, the Court sustained the Demurrer and dismissed the Petition as each of the Complainants, with the exception of Loudoun County High School. In order that the case might go forward on the limited inquiry as to the procedural steps taken by the League in determining a forfeiture of the game, the Court proceeded to receive evidence and the argument of counsel.

The Virginia High School League is a Virginia Corporation composed of member public high schools in the Commonwealth. It has a Board of Directors composed of the membership of the Executive Committee and an Executive Director. Mr. Kenneth G. Tilley, the Executive Director, appeared and testified in the proceedings.

The evidence and argument centered on the application of certain rules to the participation by an ineligible player in League play and the application by the ineligible player for a waiver of the rules. Such a waiver, approved retroactively, would have the effect of eliminating the forfeiture and permit Loudoun County High School to participate in post-season play.

Among the purposes for the Virginia High School League is that of establishing standards of eligibility for students participating in interscholastic activities between member schools. One such eligibility rule is known as the Semester Rule. The Semester Rule, absent a waiver, limits student participation in League activities to a period of no more than eight consecutive semesters in the last four years of high school beginning with the semester in which he was enrolled for the first time in ninth grade. § 28-7-1 Semester Rule, Rules and Regulations, Virginia High School League.

John Doe, a football player at Loudoun County High School for the fall, 1994, season, failed to meet the Semester Rule eligibility requirements. John participated as a member of the Loudoun County High School football team in the first game of the season against Park View High School on September 2, 1994. In accordance with the provisions of § 30-2-1 of the League Rules, John's ineligibility rendered the September 2 game a forfeit for his team, despite a win on the playing field. The Rule mandates that for "participation of an ineligible student or students in any interscholastic contest or contests" a "forfeiture of the contest or contests in which the ineligible student . . . participated" is required.

Although rendered ineligible by reason of the Semester Rule, John could submit a request for a hardship waiver. He did so, with the help of his school principal, subsequent to the Park View game. A player who is rendered ineligible by reason of the Semester Rule may apply to the Hardship Committee of the League for a waiver of the rule. In order to qualify for an exemption, he must demonstrate exceptional or hardship reasons for such a waiver. § 28-14-1, Rules.

An appeal is provided the applicant from a decision of the Hardship Committee to the Executive Committee of the League or its duly authorized sub-committee. The decision of the Executive Committee is appealable to a Board of Appeals, whose decision is final. § 28-14-1(1), Rules.

John Doe filed an application with the Hardship Committee. On September 23, 1994, that committee granted him a "limited" waiver, effective September 20, 1994, which was eighteen days after the Park View game. Accordingly, under the League Rules, the Park View game was forfeited by Loudoun County High School. This decision was subject to review through the next two levels of appeal. In each instance, while the respective committees found a hardship to exist, they declined to apply the waiver retroactively. Such a retroactive waiver would have the effect of restoring the victory to Loudoun County High School.

On September 30, 1994, The Executive Committee's Executive Appeals Subcommittee denied the appeal. In the subcommittee's decision letter it explained that the appeal was denied because:

> it was the feeling of the members that the eligibility of [John Doe] could have been certified during the past twenty-four month period because he has been a student at Loudoun County High School since 1992-1993. Further, the members felt that incomplete data in a computer system was not grounds to waive the forfeiture penalty.

It should be noted that the evidence before the Court reflects that John participated as the result of a failure on the part of the principal and the athletic director to identify a violation of the Semester Rule. The computerized data collection method was identified by the athletic director and principal as a cause of the oversight.

In a letter of October 14, 1994, the Board of Appeals, acting pursuant to § 33-9-1 through § 33-9-7, denied the appeal, refusing to waive the Semester Rule retroactively, although affirming the decision to grant a waiver prospectively. The Board reiterated that the effective date of John Doe's eligibility was September 20, 1994.

These two appellate decisions confirmed the ruling of the Hardship Committee, which had earlier concluded:

> that this case resulted from severe neglect by the family and conditions beyond the control of the member school and the student . . . the effective date of this decision is September 20, and the Committee further stipulated that eligibility is only for the remainder of this first semester . . . .

The Hardship Committee and the bodies conducting appellate review had the power to grant a waiver and to control when such a waiver, if granted, might become effective. §§ 16-2-2, 28-14-1, Rules.

In considering hardship applications, the Rules expressly provide that:

> [t]he conditions causing the student to fail to meet the eligibility requirement of . . . [the Semester Rule] . . . *must have been beyond the control of the school, the student, and/or his/her parent/s.*

In the instant case, the findings with respect to John's eligibility after September 20 (and eighteen days after the Park View game) reflect a conclusion on its part that the cause of the circumstances leading to John's

violation of the Semester Rule were beyond the control of the school, John, or his parents. Absent such a conclusion, the Hardship Committee would not have had the authority under the Rules to grant a waiver.

The findings with respect to eligibility prior to September 20, however, reflect a consideration of circumstances within the control of the school. The letter of September 30 stated expressly that the situation was brought about by the faulty data collection methods of Loudoun County High School.

Such findings are not necessarily inconsistent. Because of the passage of time involved, the situation could have been different on September 2 than it was on September 20. In this case, however, there is no evidence from which one might conclude circumstances with regard to John Doe changed on or about the 20th. Indeed, the circumstances would appear to have been present at the beginning of the semester. The Court believes that a determination that conditions giving rise to hardship arose between the time school started and September 20 is unreasonable and defies logic.

The record thus becomes clouded as to whether the committee's decision was an exercise of discretion or an imposition of a penalty. If the decision was the former, the Court may not intervene, for the Hardship Committee possesses the sole discretion to grant a request for a waiver and to determine the date the waiver becomes effective. If the decision was the latter, then the committee clearly exceeded its authority and relief should be granted.

It is not the function of the Hardship Committee to impose sanctions on a student or member school. Such action would be considered outside the authority of the committee, or *ultra vires*, and be subject to judicial scrutiny. *Gottlieb v. Economy Stores, Inc.*, 199 Va. 848, 102 S.E.2d 345 (1958).

The power of courts to review the internal management of a membership corporation is limited in scope and confined to cases of fraud, bad faith, breach of trust, gross mismanagement, or *ultra vires* acts. *Gottlieb* at 857. There is no allegation or evidence of fraud, bad faith, breach of trust or gross mismanagement in this action. In the early stages of this controversy, the Court finds that there was no commission of *ultra vires* acts.

The sanction of ineligibility for a player violating the Semester Rule and the sanction of forfeiture of a game by a team on which an ineligible player participates are self-executing and were properly applied in this case.

The function of the Hardship Committee is to grant hardship waiver requests. In the absence of a determination by the Hardship Committee that a retroactive waiver should be granted, a waiver granted by the Committee becomes effective on the date specified by the Committee. In this case, the Hardship Committee granted a request for a waiver for John. The waiver was deemed effective September 20, 1994, the Committee declining to make the waiver retroactive to the beginning of the semester. Had the Committee stopped at this point, then this Court would have no reason to intervene. However, it is the logic of the decision and the implication of a penalty by the Committee which causes this Court to intervene.

The Committee stated that the reason that the waiver was not made retroactive was that the circumstances surrounding the violation of the eligibility rules were within the control of the school when the application was made at the beginning of the year. While the Committee found hardship to exist, it determined that the waiver should not be retroactive because of the actions taken by the school in allowing the violation to occur. For the committee to have approved a hardship waiver, under the Rules, it must have determined that the conditions comprising a hardship were not created by the school, student, or parents.

Counsel for Loudoun County High School have made much of the Due Process Rule § 28-15-1 and the necessity for a declaration of forfeiture as a result of the ineligibility of John. § 32-3-1, Rules and Regulations, Virginia High School League. However, such an argument runs contrary to the uncontroverted evidence in the case and puts form over substance. The evidence demonstrates that John, at the time of the Park View game, was ineligible under the Rules. As a result of his ineligibility, the mandatory penalty was a forfeiture of the Park View game. The principal of the high school realized this when he made application to the Hardship Committee. Technical precision and adherence to formality are not necessary in this case. *Gottlieb, supra.*

Accordingly, the Court will grant, in part, the relief sought by Loudoun County High School that will direct that the Virginia High School League through its Board of Appeals review its decision in light of this opinion. It is understood that the Committee may find other reasons to maintain the effective date of September 20.

As noted earlier, the Committee was not required to make the waiver retroactive. It was submitted after a game was played and the automatic forfeiture provisions became operative. However, the Committee having acted upon the request for retroactive application must do so within the

rules and the powers granted to the committee and may not substitute a sanction for a ruling on a hardship waiver.